# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO GOMEZ, | Case No. 1:24-cv-00225-BAM (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION, *et al.*, | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY COURT ORDER, AND FAILURE TO PROSECUTE |
| Defendants. | (ECF No. 8) |
| | **FOURTEEN (14) DAY DEADLINE** |

I.      **Background**

Plaintiff Gerardo Gomez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.

On October 17, 2025, the Court screened the complaint and found that it failed to comply with Federal Rule of Civil Procedure 8 and failed to state a cognizable claim under 42 U.S.C. § 1983. (ECF No. 8.) The Court issued an order granting Plaintiff leave to file a first amended complaint or a notice of voluntary dismissal within thirty (30) days. (*Id.*) The Court expressly warned Plaintiff that the failure to comply with the Court's order would result in a recommendation for dismissal of this action, with prejudice, for failure to obey a court order and

1

for failure to state a claim. (*Id.*) Plaintiff failed to file an amended complaint or otherwise communicate with the Court, and the deadline to do so has expired.

## II.     Failure to State a Claim

### A.     Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### B.     Plaintiff's Allegations

Plaintiff is currently housed in North Kern State Prison in Delano, California, where the events in the complaint are alleged to have occurred. Plaintiff names as defendants: (1) the California Department of Corrections and Rehabilitation ("CDCR"), and (2) J. Ayon, Lieutenant.

Plaintiff alleges violation of the Fourteenth Amendment for disciplinary proceedings. Plaintiff alleges that on July 25, 2023, Plaintiff was written up in a RVR for "Constructive

2

Possession of a Cellular Telephone." On July 25, 2023, Plaintiff was asleep during the morning hours about 10:00 a.m. when correctional officers ran into the Building 1 to conduct a search. Plaintiff's cellmate (Matias Marco) was using the restroom with the curtain blocking Plaintiff's view of his cellmate, when officers ran into the building. The cellmate removed the curtain, and Plaintiff was instructed by officers to strip search before Plaintiff was escorted outside for the officers to search the whole building  When Plaintiff returned to the cell, Plaintiff was notified by correctional officers that a cellular telephone was discovered near the toilet area and that both Plaintiff's cellmate and Plaintiff would be written up for the telephone device.

After being appointed an Investigative employee, Plaintiff requested from the officer that Plaintiff's cellmate be placed as a witness. Plaintiff supplied the questions to ask, whereby Plaintiff's cellmate would accept full responsibility for the phone (citing Exh. A attached to the complaint.)

On August 16, 2023, during the Disciplinary Hearing, Plaintiff requested from the SHO, Defendant J. Ayon, lieutenant, for Plaintiff's cellmate to be a witness to inform the officer that Plaintiff did not have either constructive or actual knowledge of the use of the cellular device on the morning of the search. The SHO denied Plaintiff's request but decided to arbitrarily fabricate a statement that implied that Plaintiff had known that the cellmate was borrowing a cellular phone from the day prior (citing Exh. A attached to the complaint). Lt. J. Ayon found Plaintiff guilty.

On September 25, 2023, Plaintiff wrote a CDCR-22 form to the Chief Disciplinary Officer, concerning not receiving the Disciplinary Hearing Results within 5 days as required by Title 15. This form was never answered.

In October 2023, Plaintiff spoke with Sergeant Cortez that Plaintiff had not received the final disciplinary results. Sergeant Cortez went to the Program Office and came back and provided Plaintiff with a copy of the DHS. So on October 25, 2023, Plaintiff filed his 602 concerning the arbitrary actions of the SHO (citing Exh. C attached to the complaint). In November 2023, the Office of Grievances denied the 602 based on untimely grounds. So on November 20, 2023, Plaintiff wrote the next response to the Office of Appeals (citing Exh. D attached to the complaint). Plaintiff explained the violation or arbitrary actions for failing to

3

1 provide Plaintiff with the DHR within five days under Title 15.  On January 21, 2024, the Office
2 of Appeals denied the grievance on the basis of untimeliness.  Plaintiff attaches the declaration of
3 his cellmate who, at his disciplinary hearing, took sole responsibility for the cell phone.

4       In claim 2, Plaintiff alleges Fourteenth and Eighth Amendments violation for arbitrary
5 denial of family visits for 5 years.  At the August 16, 2023, disciplinary hearing proceeding, the
6 SHO arbitrarily denied Plaintiff's family visit privileges for 5 years, on Plaintiff's first cellphone
7 offense.  Pursuant to Title 15, section 3315(Q), loss of family visits privileges, is supposed to be
8 one year for the first offense, three years for the second offense.  This action was arbitrary of the
9 SHO.  It is an Eighth Amendment violation for excluding Plaintiff's rights to a witness and not
10 readily accepting guilt for a charged offense that Plaintiff had no knowledge of.

11       As remedies, Plaintiff seeks to re-issue or rehear or dismiss the RVR and return family
12 visit privileges that were taken in violation of Plaintiff's liberty interests.

13     **C.**    **Discussion**
14       Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to
15 state a cognizable claim under 42 U.S.C. § 1983.

16       **1.**    **Federal Rule of Civil Procedure 8**

17       Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain
18 statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).
19 Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause
20 of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678
21 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a
22 claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S.
23 at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*; *see also*
24 *Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

25       As explained below, Plaintiff's complaint fails to state a claim.

26       **2.**    **Eleventh Amendment**

27       To the extend Plaintiff is claiming money damages against CDCR for an Eighth
28 Amendment claim, "[t]he Eleventh Amendment bars suits for money damages in federal court

4

against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Indeed, the Eleventh Amendment prohibits federal courts from hearing a Section 1983 lawsuit in which damages or injunctive relief is sought against a state, its agencies (such as CDCR) or individual prisons, absent "a waiver by the state or a valid congressional override. . . ." *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999). "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, 'an arm of the state,' its instrumentalities, or its agencies." *See Fireman's Fund Ins. Co. v. City of Lodi, Cal.*, 302 F.3d 928, 957 n.28 (9th Cir. 2002) (internal quotation and citations omitted), cert. denied, 538 U.S. 961 (2003). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court. . . ." *Dittman*, 191 F.3d at 1025–26 (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985)); *see also Brown v. Cal. Dep't. of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (finding California Department of Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity).

### 3. *Habeas Corpus*

To the extent that Plaintiff is attempting to challenge the validity of his conviction, the duration of conviction, or his incarceration, the exclusive method for asserting that challenge is by filing a petition for writ of habeas corpus. State prisoners cannot challenge the fact or duration of their confinement in a § 1983 action, and their sole remedy lies in habeas corpus relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. He must seek federal habeas corpus relief (or appropriate state relief) instead.").

### 4. **False Rules Violation Report and Disciplinary Hearing**

Prisoners do not have a liberty interest in being free from false accusations of misconduct. The filing of a false Rules Violation Report by a prison official against a prisoner is not a per se violation of the prisoner's constitutional rights. *See Muhammad v. Rubia*, 2010 WL 1260425, at *3 (N.D. Cal., Mar. 29, 2010), aff'd, 453 Fed. App'x 751 (9th Cir. 2011) ("[A] prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which

may result in the deprivation of a protected liberty interest.  As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983.") (citations omitted); *Harper v. Costa*, 2009 WL 1684599, at *2-3 (E.D. Cal., June 16, 2009), aff'd, 393 Fed. App'x 488 (9th Cir. 2010) ("Although the Ninth Circuit has not directly addressed this issue in a published opinion, district courts throughout California . . . have determined that a prisoner's allegation that prison officials issued a false disciplinary charge against him fails to state a cognizable claim for relief under § 1983.").  Plaintiff fails to state a claim for the purportedly false accusations.

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. The minimum procedural requirements that must be met in such proceedings are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. *Id.* at 563–71. As long as the *Wolff* requirements are met, due process has been satisfied. *Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995).  In addition, "some evidence" must support the decision of the hearing officer, *Superintendent v. Hill*, 472 U.S. 445, 455 (1985), and the evidence must have some indicia of reliability, *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987). The "some evidence" standard is not particularly stringent, and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached. . . ." *Hill*, 472 U.S. at 455–56 (emphasis added).

Plaintiff does not allege factual support that that his disciplinary action failed to comply with the *Wolff* elements.  Plaintiff complains that Plaintiff requested that his cellmate attend as a

6

1  witness but that J. Ayon denied the request.  However, Plaintiff attached the "Disciplinary
2  Hearing Results" (Exh. A) to the complaint.  The Court may consider "documents attached to the
3  complaint." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  The Disciplinary
4  Hearing Results showed that an inmate witness (Marco Matias) Plaintiff's cellmate appeared and
5  testified and took responsibility for the cellphone.[1] (ECF No. 1, p. 12.)  Moreover, Due Process is
6  not violated where the hearing officer failed to believe certain evidence or chose to believe other
7  evidence.  Plaintiff has failed to allege that Plaintiff was not provided Due Process as required by
8  the *Wolff* elements.

### 5. Processing of Appeals

To the extent Plaintiff is complaining about the appeals process, Plaintiff is informed that he does not have a constitutionally protected right to have his appeals accepted or processed. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). The prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. See also *Givens v. Cal. Dep't of Corrs. & Rehab.*, No. 2:19-cv-0017 KJN P, 2019 WL 1438068, at *4 (E.D. Cal. Apr. 1, 2019) ("California's regulations grant prisoners a purely procedural right: the right to have a prison appeal.") Therefore, prison officials are not required by federal law to process inmate appeals or grievances in a particular way. Consequently, the failure or refusal to process a grievance or the denial, rejection, or cancellation of a grievance does not violate any constitutionally protected right. *See Rushdan v. Gear*, No. 1:16-cv-01017-BAM (PC), 2018 WL 2229259, at *6 (E.D. Cal. May 16, 2018); *Givens*, 2019 WL 1438068, at *4; *Valles v. Gamboa*, No. 1:22-CV-00355 BAM PC, 2022 WL 1294424, at *3–4 (E.D. Cal. Apr. 29, 2022) (no claim for failure to comply with timely processing requirements).

### 6. Title 15 Claim

Plaintiff alleges violations of Title 15 and CDCR policies.

///

---

[1] Whether Witness Matias actually appeared is irrelevant because Plaintiff's attachment shows that the Hearing Officer, J. Ayon, considered the testimony of this witness.

1  To the extent that defendants have not complied with applicable state statutes or prison regulations, these deprivations do not support a claim under § 1983.  Section 1983 only provides a cause of action for the deprivation of federally protected rights.  *See*, e.g., *Nible v. Fink*, 828 Fed. Appx. 463 (9th Cir. 2020) (violations of Title 15 of the California Code of Regulations do not create private right of action); *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right); *Prock v. Warden*, No. 1:13-cv-01572-MJS (PC), 2013 WL 5553349, at *11–12 (E.D. Cal. Oct. 8, 2013) (noting that several district courts have found no implied private right of action under title 15 and stating that "no § 1983 claim arises for [violations of title 15] even if they occurred."); *Parra v. Hernandez*, No. 08cv0191-H (CAB), 2009 WL 3818376, at *3 (S.D. Cal. Nov. 13, 2009) (granting motion to dismiss prisoner's claims brought pursuant to Title 15 of the California Code of Regulations); *Chappell v. Newbarth*, No. 1:06-cv-01378-OWW-WMW (PC), 2009 WL 1211372, at *9 (E.D. Cal. May 1, 2009) (holding that there is no private right of action under Title 15 of the California Code of Regulations); *Tirado v. Santiago*, No. 1:22-CV-00724 BAM PC, 2022 WL 4586294, at *5 (E.D. Cal. Sept. 29, 2022), report and recommendation adopted, No. 1:22-CV-00724 JLT BAM PC, 2022 WL 16748838 (E.D. Cal. Nov. 7, 2022) (same).

### 7. Denial of Visitation

"That prisoners have no right to unfettered visitation is settled law." *Young v. Corcoran State Prison Visiting Staff*, No. 1:24-CV-00776-SAB (PC), 2024 WL 5457444, at *2 (E.D. Cal. Oct. 2, 2024) (citing *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)); *see also Dunn v. Castro*, 621 F.3d 1196, 1202 (9th Cir. 2010) (collecting Ninth Circuit cases "declin[ing] to recognize a prisoner's constitutional right to receive visits[ ]"). While state regulations "governing visitation can create a due process right protected by the constitution[,]" Title 15, California Code of Regulations § 3170 *et. seq.* ("§ 3170 *et. seq.*") does not create a "protected liberty interest requiring constitutional protection[.]" *Young*, 2024 WL 5457444 at *2 (citing *Thompson*, 490 U.S. at 462).

///

///

### III. Failure to Prosecute and Failure to Obey a Court Order

#### A. Legal Standard

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

#### B. Discussion

Here, Plaintiff's first amended complaint is overdue, and he has failed to comply with the Court's order. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes

9

1 progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's October 17, 2025 screening order expressly warned Plaintiff that his failure to file an amended complaint would result in a recommendation of dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim. (ECF No. 8.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. As Plaintiff is proceeding *in forma pauperis* in this action, it appears that monetary sanctions will be of little use and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

### IV.     Conclusion and Recommendation

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

Furthermore, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915A, for failure to obey a court order, and for Plaintiff's failure to prosecute this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be**

**considered.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

| | |
|---|---|
| Dated: **December 2, 2025** | /s/ *Barbara A. McAuliffe* |
| | UNITED STATES MAGISTRATE JUDGE |